UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. H., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 23-cv-04784-JST<br><br>**ORDER GRANTING LEAVE FOR PLAINTIFFS E.H. AND C.S. TO PROCEED UNDER PSEUDONYM**<br><br>Re: ECF No. 3 |

Before the Court is Plaintiffs' unopposed motion seeking leave to proceed under pseudonym. ECF No. 3. The Court will grant the motion.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (ellipses in original) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The necessity of protection must "outweigh[] prejudice to the opposing party and the public's interest in knowing the party's identity" to justify the use of pseudonyms. *Advanced Textile*, 214 F.3d at 1068.

A plaintiff may proceed pseudonymously where she seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Id.* (quotation marks omitted). Cases involving mental illness that could engender social stigma are common candidates for the use of pseudonyms. *See Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (collecting cases). Here, Plaintiffs claim that Defendant intercepted and disseminated their identifiable private health information, including mental health symptoms and the fact that they sought mental health treatment. Plaintiffs argue

1  that pseudonyms are necessary to avoid discrimination in social and employment contexts and to
2  preserve their ability to choose whether and to whom they disclose their mental health concerns.
3  Given the sensitive nature of this information, this case is "unusual," and pseudonyms are
4  appropriate. *Advanced Textile*, 214 F.3d at 1068 (quoting *Doe*, 655 F.2d at 922 n.1); *see K.H.B.
5  ex rel. K.D.B. v. UnitedHealthcare Ins. Co.*, No. C 18-04175 WHA, 2018 WL 4053457, at *1
6  (N.D. Cal. Aug. 24, 2018); *Doe v. Lincoln Nat'l Life Ins. Co.*, No. 2:22-cv-00491-RSM, 2022 WL
7  2237214, at *1 (W.D. Wash. June 22, 2022).

8        Defendant will not be prejudiced if Plaintiffs proceed pseudonymously because Plaintiffs
9  have indicated that they are willing to disclose their identities to Defendants for the purposes of
10 the litigation. ECF No. 3 at 3; *see Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996
11 (N.D. Cal. 2015) ("[W]hatever knowledge defendants have of plaintiffs' identities . . . lessens their
12 claims to be prejudiced by the use of pseudonyms." (quotation omitted)).

13       Finally, Plaintiffs' use of pseudonyms comports with the public interest. "Where the
14 plaintiffs' identities are not central to the issues raised by a case . . . the public interest may not be
15 harmed by permitting plaintiffs to proceed pseudonymously." *Doe 1 v. Github, Inc.*, --- F. Supp.
16 3d ----, No. 22-cv-06823-JST, 2023 WL 3449131, at *8 (N.D. Cal. May 11, 2023) (collecting
17 cases). In this putative class action, Plaintiffs' identities "appear[] to have no bearing on the
18 resolution of the issues," and so "a pseudonym will not impede public access to the substance of
19 the proceedings." *Doe v. United of Omaha Life Ins. Co.*, No. 23-CV-02307-JST, 2023 WL
20 5919287 (N.D. Cal. Aug. 21, 2023) (quoting *Doe v. County of El Dorado*, No. 2:13-CV-01433-
21 KJM, 2013 WL 6230342, at *6 (E.D. Cal. Dec. 2, 2013)).

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Balancing the foregoing considerations, the Court concludes that Plaintiffs' need for anonymity outweighs prejudice to Defendant and the public's interest in knowing Plaintiffs' identities. Plaintiffs' motion is therefore granted, and Plaintiffs may continue to proceed using their initials.

**IT IS SO ORDERED.**

Dated: October 11, 2023

JON S. TIGAR
United States District Judge