1

2

3

4                              UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    E. H., et al.,                              Case No. 23-cv-04784-WHO (VKD)

8                    Plaintiffs,

9         v.                                     ORDER RE NOVEMBER 12, 2024
                                                 DISCOVERY DISPUTE RE SCOPE OF
10   META PLATFORMS, INC.,                       PLAINTIFFS' DISCOVERY
                                                 REQUESTS
11                   Defendant.
                                                 Re: Dkt. No. 85

12

13        Plaintiffs and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve a dispute

14   regarding the proper scope of plaintiffs' discovery. Plaintiffs seek an order compelling Meta to

15   provide discovery regarding the use of Meta's pixel by all entities covered by the Health Insurance

16   Portability and Accountability Act ("HIPAA") and/or the California Medical Information Act

17   ("CMIA"). Dkt. No. 85. Meta objects that such broad discovery exceeds the allegations in the

18   complaint, which is limited to plaintiffs' use of a website and applications provided by third-party

19   Cerebral, an online mental health services provider. *Id.* The Court heard oral argument on the

20   matter on December 3, 2024. Dkt. No. 91.

21        As discussed at the motion hearing, resolution of this discovery dispute requires the Court

22   to consider what the complaint is about. Somewhat surprisingly, the parties disagree on this point.

23   Plaintiffs contend that their claims are asserted on behalf of a putative class of U.S. residents who

24   are not Facebook users and who supplied certain private health information to an entity covered by

25   HIPAA and/or CMIA, and whose private information was obtained by Meta from such covered

26   entity without consent. Dkt. No. 85 at 1-2 (citing Dkt. No. 1 ¶¶ 1 n.1, 102). Meta counters that

27   the complaint specifically defines "Covered Entities" to mean the "third-party companies

28   discussed in this Complaint," and that the complaint identifies only two such companies—

United States District Court
Northern District of California

1    Cerebral and Monument (which plaintiffs do not allege they used).  *Id.* at 5 (citing Dkt. No. 1 ¶¶ 1

2    n.1, 35, 40).  According to Meta, the putative class is limited to U.S. residents who are not

3    Facebook users and who supplied certain private health information to Cerebral, and whose

4    private information was obtained by Meta from Cerebral without consent.  *Id.* at 4 (citing Dkt. No.

5    1 ¶ 38).

6         The Court has examined the complaint, as well as the briefing on Meta's motion to dismiss

7    and Judge Orrick's order denying the motion.  While the complaint is not entirely clear regarding

8    the scope of the intended class, the Court agrees with Meta that plaintiffs' specific allegations of

9    misconduct are limited to users interactions with Cerebral.  The complaint does include allegations

10   about another "third-party company," namely, Monument, and about "the top 100 hospitals in

11   America," which are not identified, *see* Dkt. No. 1 ¶¶ 40, 41, but there are no allegations specific

12   to Monument or to any of the unidentified hospitals asserting that those entities' deployment of the

13   pixel resulted in the improper or unconsented-to transmission of personal health information to

14   Meta.  Moreover, there is no indication in the order denying Meta's motion to dismiss that Judge

15   Orrick understood plaintiffs' claims to extend beyond allegations specific to Cerebral, their online

16   mental health services provider; rather, the order focuses exclusively on allegations regarding

17   Cerebral.  *See, e.g., E.H. v. Meta Platforms, Inc.*, No. 23-cv-4784-WHO, 2024 WL 557728, at *1

18   (N.D. Cal. Feb. 12, 2024) ("According to plaintiffs here and in the other cases, Meta encourages

19   operators of websites and applications ('apps') to install its pixel technology and then,

20   unbeknownst to users of those websites and apps (here Cerebral, an online mental telehealth

21   provider, Compl. ¶ 36), the users' sensitive healthcare information is transmitted to Meta.").  The

22   order does not mention Monument, hospitals, or any other entity covered by HIPAA or CMIA.

23   *See generally id.*

24        If the Court's understanding of the complaint is correct, then plaintiffs may not obtain

25   discovery from Meta about *all* entities covered by HIPAA and/or CMIA that use the Meta pixel,

26   as such discovery is not reasonably directed to matters relevant to a claim or defense and is not

27   proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  Accordingly, the Court denies

28   plaintiffs' request for an order compelling Meta to respond to discovery "about its interactions

United States District Court
Northern District of California

with HIPAA and CMIA-covered entities." *See* Dkt. No. 85 at 4.[1]

**IT IS SO ORDERED.**

Dated: December 4, 2024

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

---

[1] As discussed at the motion hearing, the parties may wish to confer regarding an expeditious means of addressing discrepancies between what the complaint alleges and what plaintiffs believe their claims to be, as disagreements regarding the scope of discovery will likely persist until questions about the scope of the pleadings are resolved.