Previn Warren
Abigail Burman
401 9th Street NW, Suite 630
Washington DC 20004
Tel: 202-386-9610
pwarren@motleyrice.com
aburman@motleyrice.com

*Attorneys for Plaintiffs*
Additional counsel on signature page.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.H. and C.S., *on behalf of themselves and all others similarly situated*,<br><br>  Plaintiffs,<br><br>         v.<br><br>META PLATFORMS, INC.,<br>              Defendant. | Case No. 3:23-cv-04784-WHO<br><br>**PLAINTIFFS MOTION AND NOTICE OF MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**<br><br>Action Filed: September 18, 2023<br><br>Honorable Judge William H. Orrick |

## <u>NOTICE OF MOTION AND MOTION</u>

PLEASE TAKE NOTICE that on February 26, 2025 at 2:00 p.m., before the Honorable William H. Orrick of the United States District Court for the Northern District of California, Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs E.H. And C.S. will, and hereby do, move this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend their Complaint. The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the proposed order filed concurrently herewith; the request for judicial notice and accompanying declaration; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

1
## <u>STATEMENT OF ISSUES TO BE DECIDED</u>
2
Should Plaintiffs be granted leave to amend their Complaint?
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# TABLE OF CONTENTS

3
4
5
6
7
8

I.    Background ................................................................................................................. 1

II.    Legal Standard .......................................................................................................... 2

III.    Argument .................................................................................................................. 3

   a.    The proposed amendment is not prejudicial. ...................................................... 3

   b.    There is no evidence of bad faith or undue delay. .............................................. 4

   c.    The proposed amendment is not futile. ............................................................... 4

IV.    Conclusion ................................................................................................................ 5

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946 (9th Cir. 2006)................................... 3

*Codexis, Inc. v. EnzymeWorks, Inc.*, 2017 WL 4236860 (N.D. Cal. Sept. 25, 2017)...................... 3, 4

*Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023)................................................. 5

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003)............................................. 3

*Finjan, Inc. V. Check Point Software Techs., Inc.*, 2019 WL 1455333 (N.D. Cal. Apr. 2, 2019)....... 4

*Fujifilm Corp. V. Motorola Mobility LLC*, 2014 WL 2730724 (N.D. Cal. June 16, 2014)................ 3

*Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529 (N.D. Cal. 1989) ................................................... 3

*Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877 (9th Cir. 1999)............................................................. 3

*Hynix Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812 (N.D. Cal. Oct. 31, 2006) ........... 5

*Khasin v. R.C. Bigelow*, 2015 WL 4104868 (N. D. Cal. July 7, 2015) .............................................. 3

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990)....................................... 2

*Nordyke v. King*, 644 F.3d 776 (9th Cir. 2011) .............................................................................. 5

*PNY Techs., Inc. v. SanDisk Corp.*, 2014 WL 294855 (N.D. Cal. Jan. 27, 2014).......................... 3, 4

*Staley v. Gilead Sciences*, 2021 WL 5906049 (N.D. Cal. Dec. 14, 2021)....................................... 4, 5

*United States v. Webb*, 665 F.2d 977 (9th Cir. 1981) ........................................................................ 3

*Zeiger v. WellPet LLC*, 2018 WL 3208160 (N.D. Cal. June 29, 2018)............................................... 4

1    Plaintiffs respectfully submit this Memorandum of Law in support of their Motion for Leave

2 to File [Proposed] First Amended Complaint (the "PFAC"), pursuant to Federal Rule of Civil

3 Procedure 15(a)(2). Plaintiffs' PFAC is attached to the corresponding Declaration of Abigail Burman

4 in Support of Plaintiffs' Motion for Leave to File [Proposed] First Amended Complaint as Exhibit A.

5 For the Court's convenience, a redline showing Plaintiffs' proposed changes from their initial

6 Complaint is attached as Exhibit B. The PFAC will not cause undue prejudice to Meta. There has

7 been no undue delay or bad faith, and it is not futile.

8    Prior to filing this Motion, on January 23, 2025, Counsel for Plaintiffs contacted Counsel for

9 Meta to discuss whether they would consent to Plaintiffs' amendment. On January 27, 2025, Meta

10 replied that they would not consent to amendment.

11    **I.    Background**

12    Plaintiffs filed their Complaint on September 18, 2023. The only defendant is Meta, and the

13 complaint accordingly focuses on Meta's conduct. Plaintiffs allege that *Meta* designed, built, and

14 distributed the Pixel for the purpose of illicitly intercepting and profiting from personal health

15 information of class members, Compl. ¶ 2, 5-6, 60-69, 88 98, 141. *Meta* was the "stranger lurking in

16 the corner of their digital doctors' offices." Pls.' Opp'n to Mot. to Dismiss, ECF 45, at 3. The putative

17 class was not limited to people who used any specific health care provider, and included all people

18 without a Facebook account who had had their sensitive health information intercepted by Meta. As

19 Meta acknowledged in its Motion to Dismiss, Plaintiffs are "seeking monetary and injunctive relief

20 on behalf of themselves and a putative class of people without a Facebook account whose health

21 information was obtained without their consent by Meta from a Covered Entity, which plaintiffs

22 define as third-party companies subject to the Health Insurance Portability and Accountability Act

23 ('HIPAA') or the California Medical Information Act ('CMIA')." Meta Mot. to Dismiss ("MTD"),

24 ECF 34, at 3.

25    Meta moved to dismiss only Plaintiffs' California Unfair Competition Law (UCL), California

26 Consumers Legal Remedies Act (CLRA), and conversion claims, and only as to the individual named

27 plaintiffs. *See* MTD at 2 (defining "Plaintiffs" as named Plaintiffs E.H. and C.S.). At no point during

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR COMPLAINT
CASE NO. 3:23-CV-04784-WHO

1   the Motion to Dismiss briefing process did Meta challenge Plaintiffs' broader class definition or move

2   to strike the class allegations. On February 12, 2024, the Court denied Meta's motion in its entirety.

3   Order on Meta Mot. to Dismiss, ECF 56, at 16.

4         Months later, after receiving Plaintiffs' first set of discovery requests, Meta abruptly changed

5   course. In its responses and Objections, Meta argued – for the first time – that "Covered Entities"

6   only included Cerebral and Monument and refused to produce discovery related to any other third-

7   party HIPAA and/or CMIA covered entities. Joint Letter Br., ECF 85, at 1. During the parties' first

8   meet and confer, Plaintiffs asked if Meta intended to stand on this objection. Burman Decl. ¶ 5. For

9   two months, Meta did not respond. *Id.* at ¶¶ 6-7. As soon as Meta confirmed that it would stand on

10  this position, Plaintiffs moved to compel. In the course of the briefing, Meta *again* altered its position,

11  arguing – again for the first time – that Plaintiffs were only entitled to discovery related to Cerebral.[1]

12  Joint Letter Br., ECF 85, at 4-6. On December 4, 2024, Judge DeMarchi denied Plaintiffs' motion to

13  compel. ECF 93.

14        From the inception of this case, Plaintiffs always intended the class definition to broadly

15  include any and all HIPAA and CMIA covered entities. Although Plaintiffs believe Meta also

16  appreciated the breadth of the class definition, it now seeks to inappropriately narrow the class

17  definition through delay tactics. Thus, in the interest of efficiency and to avoid further confusion and

18  delay, Plaintiffs now seek leave to amend their complaint to clarify the definition of Covered Entity

19  and the scope of the putative class. This is consistent with the Court's Order denying Defendant's

20  Motion to Dismiss and the Court-ordered schedule.

21  **II.    Legal Standard**

22        Under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave" to amend

23  a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with

24  extremely liberality," *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990),

25  and "the nonmoving party bears the burden of demonstrating why leave to amend should not be

26

27  _____

28  [1] Notably, this position also contradicted Meta's Motion to Consolidate, which claimed that "the Non-User Action complaint focuses solely on *two* healthcare providers." Meta's Mot. to Consolidate, ECF 74, at 7 (emphasis added).

1   granted," *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In determining

2   whether to grant leave to amend, courts examine whether the proposed amendment "(1) prejudices

3   the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

4   futile." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 951 (9th Cir. 2006). "Generally,

5   this determination should be performed with all inferences in favor of granting the motion." *Griggs

6   v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999). These factors are not weighed equally. "[I]t

7   is generally accepted that prejudice and bad faith are the most important factors to consider," *Codexis,

8   Inc. v. EnzymeWorks, Inc.*, 2017 WL 4236860, at *2 (N.D. Cal. Sept. 25, 2017), and "delay alone no

9   matter how lengthy is an insufficient ground for denial of leave to amend," *United States v. Webb,* 655

10  F.2d 977, 980 (9th Cir. 1981). "Absent prejudice, or a strong showing of any of the remaining [ ]

11  factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence

12  Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis original).

13  **III.    Argument**

14      **a.  The proposed amendment is not prejudicial.**

15      Prejudice is the "touchstone" of the Rule 15(a)(2) analysis. *Fujifilm Corp. V. Motorola

16  Mobility LLC*, 2014 WL 2730724, at *1 (N.D. Cal. June 16, 2014). Courts in the Ninth Circuit have

17  consistently rejected claims of prejudice when plaintiffs move to amend the complaint in accord with

18  a court ordered deadline. *See PNY Techs., Inc. v. SanDisk Corp.*, 2014 WL 294855, at *5 (N.D. Cal.

19  Jan. 27, 2014) ("SanDisk has a heavy burden of showing prejudice given that the motion to amend

20  the pleadings came with four months remaining for discovery and within the time period for making

21  a motion to amend"); *Khasin v. R.C. Bigelow*, 2015 WL 4104868, at *3 (N. D. Cal. July 7, 2015)

22  ("[D]iscovery is scheduled to remain open for nearly another year and trial is approximately fifteen

23  months away. In light of that schedule, Bigelow's general allegations of delay do not establish that it

24  will be prejudiced." (citations omitted)). Under the current schedule, discovery will not close until

25  September 11, 2025, and the deadline to amend is not until November 13, 2025. ECF 71. Furthermore,

26  Plaintiffs have been pursing discovery related to HIPAA and CMIA covered entities since the very

27  beginning of the discovery process. *See PNY*, at *5 (distinguishing between case that had been

28

1  pending for two years without plaintiff pursuing discovery and instant case where parties were

2  actively engaged in discovery, and finding that amendment would not be prejudicial). Because this

3  amendment comes as no surprise to Defendants and is squarely within the Court's deadlines, there is

4  no prejudice.

5            **b.  There is no evidence of bad faith or undue delay.**

6         Plaintiffs' motion is neither made for any improper purpose nor untimely. Far from being

7  "presented for the purpose of prolonging the litigation" or to "harass or burden" Meta, *Finjan, Inc. V.*

8  *Check Point Software Techs., Inc.*, 2019 WL 1455333, at *6 (N.D. Cal. Apr. 2, 2019), Plaintiffs'

9  motion is consistent with Meta's own proposal for addressing the parties' disagreement over the

10 definition of Covered Entity. At the hearing before Judge DeMarchi, Meta proposed a motion to

11 amend as the most expeditious way to resolve the dispute. 21:14-24. And, in contrast to the constantly

12 shifting sands of Meta's arguments, *supra* 1-2, Plaintiffs have maintained the same position from the

13 inception of their case through the filing of this motion: their complaint was intended to and was

14 understood by the parties to encompass all Facebook non-users who had their sensitive health

15 information intercepted by Facebook without their content. This belies any claims of bad faith or

16 surprise.

17        Plaintiffs have aggressively pursued the covered entities dispute since it was first raised (in its

18 first iteration) by Meta and moved to amend in a timely fashion following Judge DeMarchi's ruling.

19 *See Codexis*, at *3 (finding no undue delay where "prior to bringing this motion, [plaintiff] tried to

20 work with defendants to either be provided with sufficient clarification to eliminate its concerns on

21 the issue or to stipulate to an amendment of its complaint without requesting leave from the court");

22 *Zeiger v. WellPet LLC*, 2018 WL 3208160, at *3 (N.D. Cal. June 29, 2018) ("A four month delay . .

23 . is not undue delay."). The fact that Plaintiffs are within the deadline by the court to amend their

24 complaint likewise "strongly shows that [Plaintiffs] did not unduly delay." *PNY*, at *4.

25           **c.  The proposed amendment is not futile.**

26        Finally, Plaintiffs' amendment would not be futile. As an initial matter, "[f]utility . . . is a high

27 standard." *Staley v. Gilead Sciences*, 2021 WL 5906049, at *3 (N.D. Cal. Dec. 14, 2021). "Courts

28

1    rarely deny a motion for leave to amend for reason of futility," particularly when discovery has not

2    been completed. *Hynix Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812, at *2 (N.D. Cal.

3    Oct. 31, 2006). The test for determining the sufficiency of a proposed amended complaint is identical

4    to the test used to assess motions brought under Rule 12(b)(6), *Nordyke v. King*, 644 F.3d 776, 788

5    n.12 (9th Cir. 2011), including the requirement that the plaintiffs' allegations be viewed in the light

6    most favorable to the plaintiffs. *See Staley*, at *3 (holding that plaintiffs' amendment would not be

7    futile because plaintiffs' dispute the relevant facts and "[plaintiffs'] allegations must be assumed as

8    true for purposes of the instant motion").

9          Here, Meta cannot meet its burden in showing futility because the Court has already held that

10   Plaintiffs' claims for invasion of privacy, violation of the UCL, violation of the CLRA, and

11   conversion may proceed. Order on Meta Mot. to Dismiss, ECF 56, at 16. And, as Meta acknowledged

12   in its Motion to Dismiss, MTD at 1, the Court's decision in *Doe v. Meta Platforms, Inc*., 690 F. Supp.

13   3d 1064 (N.D. Cal. 2023) allowing the plaintiffs' federal wiretapping, California wiretapping, and

14   unjust enrichment claims to proceed against Meta also applies to Plaintiffs' claims in this case.

15   Plaintiffs' proposed amendment does not add to or alter these claims or the relevant allegations.

16   **IV.    Conclusion**

17         For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion

18   for Leave to File [Proposed] First Amended Complaint.

19

20

21

22

23

24

25

26

27

28

1   DATED: January 27, 2025

2

3   **MOTLEY RICE LLC**                    **ADAMSKI MOROSKI MADDEN**
                                           **CUMBERLAND & GREEN LLP**

4   Previn Warren*
    Abigail Burman*                        JAMES M. WAGSTAFFE
5   401 9th Street NW Suite 630            STEVEN J. ADAMSKI
    Washington DC 20004                    Mailing Address: PO Box 3835
6   Tel: 202-386-9610                      San Luis Obispo, CA 93403-3835
    pwarren@motleyrice.com                 Physical Address: 6633 Bay Laurel Pl.
7   aburman@motleyrice.com                 Avila Beach, CA 93424
                                           Telephone: (805) 543-0990
8   Mathew Jasinski*                       wagstaffe@ammcglaw.com
    One Corporate Center                   adamski@ammcglaw.com
9   20 Church St., 17th Floor
    Hartford, CT 06103
10  mjasinski@motleyrice.com

11  *APPEARANCE PRO HAC VICE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR COMPLAINT
CASE NO. 3:23-CV-04784-WHO