UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E.H., et al.,

        Plaintiffs,

    v.

META PLATFORMS, INC.,

        Defendant.

Case No. 23-cv-04784-WHO (VKD)

**ORDER RE MARCH 21, 2025 DISCOVERY DISPUTE**

Re: Dkt. No. 105

Plaintiffs and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve a dispute regarding Meta's response to plaintiffs' Interrogatory No. 7. Dkt. No. 105. The Court finds this dispute suitable for decision without oral argument. Civil L.R. 7-1(b).

Plaintiffs' Interrogatory No. 7 asks Meta to identify "the Persons You placed under a litigation hold and the dates they were placed under a litigation hold for this case and for *In Re Healthcare Litigation*, 3:22-cv-03580 (N.D. Cal. 2023)." Dkt. No. 105-1 at ECF 7. Plaintiffs argue that they require this information so that they can "efficiently ascertain the identities of potentially relevant Meta employees who are likely to possess information that bears on Plaintiffs' case, and to facilitate ESI negotiations with Meta regarding the selection of those custodians." Dkt. No. 105 at 1. Meta objects that the interrogatory is improper because it seeks information that is not relevant to a claim or defense or proportional to the needs of this case. *Id.* at 4-5.

The Court agrees with Meta that Interrogatory No. 7 is overbroad and seeks information that is neither relevant nor proportional to the needs of this case. As noted in a prior order, plaintiffs' complaint relies on specific allegations relating to interactions with Cerebral, their online mental health services provider. *See* Dkt. No. 93 at 2. While both this action and the *In re Meta Pixel Healthcare Litigation*, No. 22-3580 involve allegations about the use of the Meta pixel,

1  this is not a sufficient justification for obtaining discovery of the identities of all persons in this
2  action and the *In re Meta Pixel Healthcare Litigation* action who received a litigation hold notice,
3  let alone the dates upon which each such person received a litigation hold notice.  While such
4  information may not be privileged or protected, that does not make it discoverable, and the fact
5  that such discovery has been obtained in other cases (or rejected in other cases, as the case may
6  be) is unpersuasive, absent some justification supporting plaintiffs' request for this information in
7  *this case*.

8        The parties criticize each other for failing to cooperate in the identification of custodians
9  for purposes of collection, review, and production of ESI.  *See* Dkt. No. 105 at 3, 5.  They advise
10  that they are due to complete fact discovery by September 11, 2025.  *Id.* at 7.  Their failure to
11  agree upon and execute a plan for ESI discovery does not bode well for compliance with that
12  deadline.

13        Accordingly, the Court denies plaintiffs' request for an order requiring Meta to comply
14  with the full scope of Interrogatory No. 7.  Plaintiffs' may, if they wish, withdraw Interrogatory
15  No. 7 and serve a separate interrogatory that seeks information regarding custodians likely to have
16  documents relevant to this action.  In the meantime, the Court orders the parties to engage in the
17  process contemplated by the Stipulated Order re Discovery of Electronically Stored Information
18  (Dkt. 64) to identify custodial (and, if appropriate, non-custodial data sources).  The parties must
19  jointly file a status report by **April 14, 2025** advising the Court of the data sources to be searched
20  and a schedule for completion of production of responsive documents from those data sources.

21  **IT IS SO ORDERED.**

22  Dated: March 31, 2025

Virginia K. DeMarchi
United States Magistrate Judge